# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

LAWRENCE E. MAHER,

    Petitioner,

v.

FEDERAL BUREAU OF PRISONS,

    Respondent.

Civ. No. 18-2348 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

    Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be dismissed for lack of jurisdiction.

## I. BACKGROUND

    On April 6, 2005, Petitioner was found guilty of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), in the United States District Court for the District of Maine. (ECF No. 1 at pp. 1, 13). Petitioner was sentenced to 262 months' imprisonment. (*See id.* at p. 13). Thereafter, Petitioner filed a § 2255 habeas petition arguing that he was denied effective assistance of counsel, which was denied by the District Court of Maine. (*See id.* at p. 4).

    Petitioner has now filed a habeas petition pursuant to 28 U.S.C. § 2241 (the "Petition") in this Court. Petitioner claims that he unlawfully received a two-level sentence enhancement for possession of a firearm that was not in his indictment. (*See id.* at pp. 12-14). Petitioner requests that this Court vacate his sentence and resentence him to preclude the enhancement for the firearm. (*See id.* at pp. 18-19).

## II. STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b). A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U .S.C. § 2243. Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856; *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). "[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## III. DISCUSSION

Petitioner is challenging the sentence he received in the District Court of Maine in this § 224 federal habeas action. Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner
> who is authorized to apply for relief by motion pursuant to this

2

> section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Id.* at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id*. at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil*, is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for

a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Here, Petitioner argues that the District Court of Maine unlawfully enhanced his sentence by adding a firearm violation that was not included in his indictment. (*See* ECF No. 1 at pp. 12-14). In making his arguments, Petitioner relies on *Alleyne v. United States*, 570 U.S. 99, 102 (2013), wherein the Supreme Court held that any fact that increases a mandatory minimum sentence for a crime is an element of the crime that must be submitted to the jury and found beyond a reasonable doubt.

Petitioner does not allege facts sufficient to bring him within the *Dorsainvil* exception. Petitioner does not allege that he is actually innocent of the underlying crime due to a retroactive change in substantive law that negates the criminality of his conduct. Rather, Petitioner's claim is that the district court improperly gave him a sentencing enhancement. Such an argument is insufficient to fall within the *Dorsainvil* exception as it relates to an argument that Petitioner is actually innocent of a sentencing enhancement as opposed to being actually innocent of the crime for which he was convicted. *See, e.g., United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender." (internal citation omitted)), *cert. denied*, 568 U.S. 857 (2012); *Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is 'innocent' of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In*

*re Dorsainvil* does not apply."); *Robinson v. Hollingsworth*, No. 13–0101, 2013 WL 141441, at *2 (D.N.J. Jan. 11, 2013) ("Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted—possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States*, No. 12-1545, 2012 WL 5199167, at *5 (D.N.J. Oct. 19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here.").

Additionally, Petitioner's reliance on the Supreme Court's decision in *Alleyne* does not fall within the *Dorsainvil* exception to permit this § 2241 habeas petition to move forward. Indeed, as the Third Circuit has stated:

> [Petitioner] cannot avail himself of the [*Dorsainvil*] exception in this case. As noted above, he relies on the Supreme Court's decision in *Alleyne* to support his petition. *Alleyne* is essentially an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000): in *Apprendi*, the Court held that under the Fifth And Sixth Amendments, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *Apprendi*, 530 U.S. at 490, and in *Alleyne*, the Court held that the same rule applies also to "facts that increase mandatory minimum sentences," *Alleyne*, 570 U.S. 116. We have held that, "§ 2255 is not inadequate or ineffective for a prisoner to raise his *Apprendi* argument," *Okereke*, 307 F.3d at 121, and there is no basis to treat claims brought under *Alleyene* differently.

*Sacksith v. Warden Canaan USP*, 552 F. App'x 108, 109 (3d Cir. 2014); *see also Oliver–Diaz v. Warden Fort Dix FCI*, No. 13–4609, 2014 WL 1364001, at *1 (3d Cir. Apr. 8, 2014). Similar to *Sacksith*, Petitioner's reliance on *Alleyene* in this case does not warrant finding that this case falls within the *Dorsainvil* exception to establish jurisdiction. Therefore, Petitioner improperly relies on § 2241 in raising his sentencing enhancement claim.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the First Circuit to file a second or successive petition. 28 U.S.C. § 2244(b)(3). The Court finds that it is not in the interests of justice to transfer this habeas petition to the First Circuit as it does not appear Petitioner can satisfy the requirements of § 2244(b)(2). *See United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014) (finding that *Alleyne* does not apply retroactively to cases on collateral review). However, this Court's decision to not transfer the case does not prevent Petitioner seeking permission from the First Circuit on his own.

## IV. CONCLUSION

For the foregoing reasons, the Petition will be dismissed for lack of jurisdiction. An appropriate order will be entered.


DATED: May 7, 2018
                                    s/Robert B. Kugler
                                    ROBERT B. KUGLER
                                    United States District Judge