UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAWRENCE E. MAHER,

    Petitioner,

v.

FEDERAL BUREAU OF PRISONS,

    Respondent.

Civ. No. 18-2348 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

    Petitioner Lawrence E. Maher is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. On May 7, 2018, the Court dismissed the Petition for lack of jurisdiction. (ECF Nos. 4 & 5). Currently before the Court is Petitioner's motion for reconsideration. (ECF No. 8). For the following reasons, the Court will deny Petitioner's motion for reconsideration.

## I.    BACKGROUND

    As discussed more thoroughly in the Court's May 7, 2018, Opinion (ECF No. 4), on April 6, 2005, Petitioner was found guilty of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), in the United States District Court for the District of Maine. (ECF No. 1, at 1; ECF No. 1-1, at 4). Petitioner received a sentence of 262 months' imprisonment. (ECF No. 1-1, at 4). Thereafter, Petitioner filed a § 2255 motion arguing that he did not receive effective assistance of counsel. The District Court of Maine denied his motion. (ECF No. 1, at 4).

    Petitioner then filed a habeas Petition pursuant to 28 U.S.C. § 2241 (the "Petition") in this Court and claimed that he unlawfully received a two-level sentence enhancement for possession

of a firearm that was not in his indictment. He then requested that this Court vacate his sentence and resentence him to preclude the firearm enhancement.

Upon screening the Petition, the Court found that § 2255 was not inadequate or ineffective to address Petitioner's sentencing enhancement claim and as a result, dismissed the § 2241 Petition for lack of jurisdiction.

## II. STANDARD OF REVIEW

Local Civil Rule 7.1(i) governs motions under Federal Rule of Civil Procedure 59(e)[1] and allows parties to seek reconsideration of what they believe are "overlooked" matters. *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013). "The standard for reargument is high" and courts should "only sparingly" grant reconsideration. *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a party has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## III. DISCUSSION

After reviewing Petitioner's submissions, the Court will deny his motion for reconsideration. In its earlier Opinion, the Court found that it lacked jurisdiction under § 2241 to consider Petitioner's sentencing enhancement arguments. More specifically, Petitioner argued

---

[1] Petitioner titles his motion as a motion for reconsideration under Rule 54, which governs interlocutory orders. However, as the Court's earlier Order was not interlocutory, *i.e.*, it adjudicated all claims, the Court will construe Petitioner's motion as one under Rule 59. *See, e.g.*, *Walters v. Warden Fairton FCI*, 674 F. App'x 117, 118 (3d Cir. 2017)(reviewing a denial of a motion for reconsideration under Rule 59 after the District Court dismissed a § 2241 petition for lack of jurisdiction).

2

that the District Court of Maine unlawfully enhanced his sentence by adding a firearm violation that was not in his indictment. (*See* ECF No. 1-1, at 3–5). Petitioner relied on *Alleyne v. United States*, 570 U.S. 99, 102 (2013), wherein the Supreme Court held that any fact that increases a mandatory minimum sentence for a crime is an element of the crime. Further, the Supreme Court concluded that trial courts must submit such facts to a jury, and juries must find such facts beyond a reasonable doubt. *Id*.

This Court rejected Petitioner's arguments because he did not allege facts sufficient to bring him within the *Dorsainvil* exception. *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997). Petitioner did not allege that he is actually innocent of the underlying crime due to a retroactive change in substantive law that negated the criminality of his conduct. Rather, Petitioner's claim was that the district court improperly gave him a sentencing enhancement. Such an argument did not fall within the *Dorsainvil* exception as it only alleged that Petitioner was innocent of a sentencing enhancement *as opposed to being actually innocent of the crime for which he was convicted*. *See, e.g., United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (finding that petitioner did not meet the savings clause, "as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender."), *cert. denied*, 568 U.S. 857 (2012); *Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is 'innocent' of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Crawford v. United States*, No. 12-1545, 2012 WL 5199167, at \*5 (D.N.J. Oct. 19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here.").

Additionally, this Court rejected Petitioner's argument based on the Supreme Court's decision in *Alleyne*, finding that it did not fall within the *Dorsainvil* exception. As the Third Circuit held, "§ 2255 is not inadequate or ineffective for a prisoner to raise" *Alleyne* claims, and in turn, this Court could not have jurisdiction under § 2241 to adjudicate Petitioner's *Alleyne* claim. *Sacksith v. Warden Canaan USP*, 552 F. App'x 108, 109 (3d Cir. 2014); *see also Olivier-Diaz v. Warden Fort Dix FCI*, 562 F. App'x 65, 66 (3d Cir. 2014).

After concluding that this Court lacked jurisdiction, the Court dismissed the Petition and held that it was not in the interests of justice to transfer the Petition to the First Circuit as it did not appear that Petitioner could satisfy the requirements of 28 U.S.C. § 2244(b)(2). *See United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014) (finding that *Alleyne* does not apply retroactively to cases on collateral review).

Turning then to the instant motion, Petitioner's argument in seeking reconsideration is fundamentally flawed. Petitioner contends that the *Fourth* Circuit's recent decision in *United States v. Wheeler*, "refut[es] this Court's assertion that it has no jurisdiction to hear this case." 886 F.3d 415, 429 (4th Cir. 2018); (ECF No. 8, at 1). In *Wheeler*, the Fourth Circuit set forth a new savings clause test to determine when § 2255 is "inadequate or ineffective" to address sentencing enhancement claims. *Wheeler*, 886 F.3d at 429. In essence, the Fourth Circuit expanded its *Dorsainvil*-type[2] savings clause jurisprudence to allow § 2241 challenges to the legality of one's *sentence*, which ordinarily fall under § 2255, in addition to the ordinary challenges to the legality of one's *detention*. *See, e.g., id.* at 428.

---

[2] In the case *In re Jones*, 226 F.3d 328, 333 (2000), the Fourth Circuit accepted the interpretation of § 2255's savings clause, from, among other Courts of Appeal, the Third Circuit's decision in *In re Dorsainvil*, 119 F.3d at 251–52.

The flaw in Petitioner's argument, however, is that the United States District Court for the District of New Jersey is within the *Third* Circuit, not the Fourth Circuit. Consequently, while opinions of the Fourth Circuit may be persuasive in some circumstances, such decisions are not binding on this Court. Further, such decisions have less or no impact when they directly conflict with a decision of the Third Circuit, precedential or otherwise.

As discussed above, unlike the Fourth Circuit, the Third Circuit and courts in this district have has consistently held that sentencing enhancement claims do not fall within the *Dorsainvil* exception and have explicitly held that "*Alleyne* claims cannot be raised under § 2241." *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 102 (3d Cir. 2017); *see*, *e.g.*, *Murray v. Warden Fairton FCI*, 710 F. App'x 518, 520 (3d Cir. 2018) (noting that the Third Circuit has "not held that innocence-of-the sentence claims fall within the exception to the rule that habeas claims must be brought in § 2255 motions"); *Thomas v. Warden Fort Dix FCI*, 712 F. App'x 126, 127–28 (3d Cir. 2017) (rejecting challenge to career offender designation, noting that petitioner had failed to identify any argument that he could not have raised in his initial § 2255 motion); *Sacksith*, 552 F. App'x at 109; *McIntosh v. Shartle*, 526 F. App'x 150, 152 (3d Cir. 2013) ("Here, McIntosh is challenging his designation as a career offender. Thus, he does not fall within the exception created in *Dorsainvil* and may not proceed under § 2241"); *Wyatt v. Warden FCI Fort Dix*, No. 17-1335, 2017 WL 1367239 (D.N.J. Apr. 10, 2017) (finding that the court lacked jurisdiction under § 2241 to consider a sentencing enhancement claim).

In light of such precedent, this Court lacked, and continues to lack, jurisdiction to entertain Petitioner's sentencing enhancement claims under § 2241. *E.g.*, *Gardner*, 845 F.3d at 102. Accordingly, the Court will deny Petitioner's motion for reconsideration as Petitioner has failed to show: "(1) an intervening change in the controlling law; (2) the availability of new evidence

that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See Max's Seafood Café*, 176 F.3d at 677.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's motion for reconsideration. An appropriate order follows.


DATED: February 26, 2019                    s/Robert B. Kugler
                                            ROBERT B. KUGLER
                                            United States District Judge